FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2026 NOV 16 AM 9: 30
MARGARET BOTKINS, CLERK
CASPER

**UNITED STATES DISTRICT COURT**
**DISTRICT OF WYOMING**

DANIEL ANGUIANO AGUILERA, a/k/a Daniel Aguilar,

Petitioner,

v.

ANDY KOPP, Sheriff, Uinta County, Wyoming;
JASON KNIGHT, Field Office Director, Salt Lake City Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement;
DAVID VENTURELLA, Director, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and
TODD BLANCHE, U.S. Attorney General,

Respondents.

Case No. 26-CV-348-SWS

**ORDER STAYING TRANSFER OF PETITIONER DURING PENDENCY OF § 2241 PETITION**

On November 12, 2026, Petitioner Daniel Anguiano Aguilera filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (ECF No. 1.) Therewith, Petitioner also filed an Emergency Motion for Temporary Restraining Order seeking, among other things, to stay any transfer of him out of this federal district during the pendency of his petition. (ECF No. 2.)

The Court has "inherent power to preserve its ability to hear the case." *Alves* v. *U.S. Dep't of Just.*, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025). A petitioner's transfer "to another district could interfere with his access to counsel and ability to participate in the proceedings." *Tran* v. *Bondi, et al.*, No. CV25-1897-JLR-BAT, ECF No. 6 at 3 (W.D. Wash. Oct. 7, 2025). To preserve this Court's jurisdiction over the pending petition, ensure any order or judgment may be

effected and enforced, and protect Petitioner's access to counsel, the Court will restrain Respondents from transferring Petitioner outside the District of Wyoming or removing him from the United States absent further order from this Court. *See, e.g.*, *Westley v. Harper*, No. 25 Civ. 229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Sillah v. Barr*, No. 19 Civ. 1747, ECF No. 6 (S.D.N.Y. Feb. 25, 2019) (enjoining respondents from transferring defendant outside of the New York City area while defendant's habeas petition was pending); 28 U.S.C. § 1651(a) (empowering courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law"). If, during the pendency of this petition, the Government receives the necessary documentation to remove Petitioner from the United States, it should promptly notify the Court of such.

**IT IS THEREFORE ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order (ECF No. 2) is **GRANTED IN PART**. Respondents shall not transfer Petitioner outside the District of Wyoming or remove him from the United States while this § 2241 petition is pending without first obtaining leave from this Court. If Respondents have already moved Petitioner outside this federal district, they are enjoined from moving him again without leave.

**IT IS FURTHER ORDERED** that Respondents shall ensure Petitioner continues to receive his prescribed insulin and medically necessary care.

**ORDERED**: November 15th, 2026.

Scott W. Skavdahl
United States District Judge